MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

ELISE BECKER (NYBN 2540730)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6878
    FAX: (415) 436-7234
    Elise.Becker@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ERIC OMURO, <br>  a/k/a Steve Bucher, <br>  a/k/a Craig Armstrong, <br>  a/k/a Ed Cook, <br>  a/k/a "Red," and <br> ANNMARIE LANOCE, <br>  a/k/a Madison Monroe, <br>  a/k/a "Maddie," <br><br> Defendants. | CR No. 14-00336 WHO <br><br> STIPULATION AND [PROPOSED] PROTECTIVE ORDER |

    Plaintiff, United States of America, by and through MELINDA HAAG, United States Attorney for the Northern District of California, and Assistant United States Attorney Elise Becker, and the defendants, Eric Omuro by and through his attorney Nanci Clarence, and defendant Annmarie Lanoce by and through her attorney Geoffrey Hansen, hereby stipulate and agree as follows:

    The defendants are charged in an Indictment with violations of Title 18, United States Code, Sections 1952 and 1957. In connection with this Indictment, the United States is in possession of computer media, materials, and other records that it alleges contain personal identifier information

1

relating to the defendants and a very large number of witnesses, some of whom are minors, as well as images of a sexual nature.

WHEREAS pursuant to Title 18, United States Code, Section 3509(m), notwithstanding Fed. R. Crim. P. 16, any property or material that constitutes child pornography shall remain in the care, custody, and control of either the Government or the court, and courts are required to deny defense requests to copy, photograph, duplicate, or otherwise reproduce any property or material constituting child pornography if the United States makes the property or material reasonably available to the defendant and provides ample opportunity for the defense to examine it at a government facility. 18 U.S.C. § 3509(m).

WHEREAS pursuant to Title 18, United States Code, Section 3509(d), an attorney for the government is required to take measures to maintain the confidentiality of documents and other materials that disclose the identity of a child victim or witness to ensure that such materials are disclosed only to those persons who have reason to know such information, by reason of their participation in the proceeding. 18 U.S.C. § 3509(d)(1). The government may fulfill this duty by releasing such information under a protective order. 18 U.S.C. § 3509(d)(3). Such an order may issue upon the court's determination that "there is a significant possibility that such disclosure would be detrimental to the child," and may "provide for any ... measures that may be necessary to protect the privacy of the child." *Id.*

WHEREAS the government asserts that certain records pertain to minors, and that given the nature of the alleged crimes, the disclosure of identifying information would be detrimental to the minors.

WHEREAS in order to comply with Title 18, United States Code, section 3509(m), and protect identifying information pertaining to minors and witnesses, and to allow the defendants the greatest opportunity to prepare an effective defense in preparation for trial in this matter, the United States and defendants agree that disclosure of these materials are subject to the following restrictions:

IT IS HEREBY STIPULATED AND AGREED:

1. The provisions of this Protective Order apply to computer media, materials, and other electronic records that the United States alleges contain personal identifier information, images of a sexual nature,

2

and images of minors ("alleged materials").

2. The following individuals (the "defense team") may obtain and examine the alleged materials under the conditions set forth herein for the sole purpose of preparing the defense and for no other purpose:

    a. Counsel for defendants;

    b. Defendants;

    c. Persons employed by defense counsel who are assisting with the preparation of the defense;

    d. Any expert retained on behalf of the defendants to assist in the defense of this matter;

    e. Any investigator retained on behalf of defendants to assist in the defense of this matter.

3. The defense team shall not make copies of any images from the alleged materials without further Court Order. This prohibition includes (1) printing images onto paper, (2) duplicating images in any digital format, and (3) sending images electronically. Non-image files such as word processing files, emails, and other text files may be duplicated to the extent necessary to prepare the defense of this matter but only after the person duplicating the material has confirmed that the file does not contain any embedded image.

4. The defense team agrees to treat any materials described in paragraph one, above, as confidential, meaning that they will not be included in any public filings, either as exhibits or attachments, without the stipulation of the parties or a Court order.

5. This Stipulated Order is a negotiated procedure by the parties in this case. It does not constitute a concession or waiver by the United States or the defendants regarding discovery procedures generally in this case, in any other or future case.

6. Any disputes concerning this Stipulation and Protective Order shall be resolved by this Court only after counsel for the United States and defendants have first conferred and attempted to resolve the dispute.

7. Within 30 days of the entry of the judgment in this matter, all material provided to the defendants pursuant to this Order, and all other authorized copies, if any, shall be returned to the United States. The United States shall destroy them. If any defendant believes that the materials must be maintained for

any reason, such as an appeal, a defendant must seek authorization to maintain the materials from this Court within 30 days of the judgment in this matter.

SO STIPULATED.

DATED: 8/22, 2014

MELINDA HAAG
United States Attorney

_____
Elise Becker
Assistant United States Attorney

DATED: 8/21, 2014

_____
Nanci Clarence
Attorney for Eric Omuro

DATED: 8/14, 2014

_____
Geoffrey Hansen
Attorney for Annmarie Lanoce

SO ORDERED.

DATED: _____

_____
HONORABLE WILLIAM H. ORRICK
United States District Court Judge

4